# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN P. WELCH,

        Plaintiff,

        -vs-                                    Case No. 15-cv-191

KYLE K. TRITT,
MARK J. JENSEN,
JASON J. GRAHL,
BLAKE R. STRAHOTA,

        Defendants.

## SCREENING ORDER

The plaintiff, a Wisconsin state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed an initial partial filing fee of $6.90, and has paid an initial partial filing fee of $100.00.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when a plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is currently incarcerated at Waupun Correctional Institution. He is suing Kyle Tritt, Mark Jensen, Jason Grahl, and Blake Strahota, all at Waupun Correctional Institution.

The plaintiff alleges that on July 4, 2014, he caused injury to his arm, which resulted in the loss of approximately four pints of blood. After being taken to the unit nursing station, defendants Tritt, Grahl, and Strahota allegedly instructed defendant Jensen that the plaintiff "did not need hospitalization," with defendant Tritt commenting that it would be "inconvenient" to transport the plaintiff to the hospital. The plaintiff was not transported to the hospital, despite what he characterizes as significant blood loss. On July 16, 2014, Dr. J. Manlove allegedly ordered that the plaintiff receive a blood transfusion at an outpatient facility. The plaintiff alleges he received three units of blood on July 17, 2014.

The plaintiff claims that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment in that they failed to transport him to a hospital for a blood transfusion despite knowing of the plaintiff's significant blood loss. For relief, the plaintiff seeks compensatory and punitive damages. At this stage of the proceedings, the Court finds that the plaintiff may proceed on his claim that the defendants were deliberately indifferent to his serious medical needs.

The plaintiff also seeks preliminary injunctions that: 1) require the defendants to comply with Department of Corrections employee work rules, job duties, and job responsibilities, including current treatment standards for persons with major loss of blood injuries; and 2) require the defendants to preserve all records and documentation relating to the incidents alleged in the complaint.

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that: 1) his underlying case has some likelihood of success on the merits; 2) no adequate remedy at law exists; and 3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In both instances, the plaintiff fails to satisfy this standard. At this early stage and with no response from defendants, the plaintiff has not established a likelihood of success on the merits. In addition, the plaintiff's choice to pursue compensatory and punitive damages as a remedy for the defendants' alleged prior failures to follow "treatment standards for persons with major loss of blood injuries," undermines the plaintiff's claim that no adequate remedy exists at law. Finally, with regard to the plaintiff's preservation request, the Court notes that the defendants' duty to preserve evidence has already been triggered. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (clarifying that a party's duty to preserve evidence is triggered when it knows or should have known that litigation is imminent). Accordingly, the Court will deny the plaintiff's requests for preliminary injunctions.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **GRANTED**.

**IT IS ALSO ORDERED** that the plaintiff's requests for preliminary injunctions are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $250.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to defendants. All defendants will be served electronically through the Court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2015.

SO ORDERED,

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**