# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSTIN P. WELCH,**

    Plaintiff,

-vs-                                          **Case No. 15-CV-191**

**KYLE K. TRITT, et al.,**

    Defendants.

## DECISION AND ORDER

This *pro se* plaintiff is a Wisconsin state prisoner, currently incarcerated at Waupun Correctional Institution. This case is before the Court on the plaintiff's motion for a second extension of the discovery and dispositive motion deadlines and on the plaintiff's motion for an injunction.

First, the plaintiff has requested that the Court extend the discovery deadline by forty-five days, until January 15, 2016. The plaintiff indicates that he needs additional time to follow-up on the defendants' responses to his first sets of document requests and interrogatories. The Court will grant the plaintiff's motion and will extend both the discovery and dispositive motion deadlines by forty-five days. The Court will not grant any further extensions of these deadlines.

Second, the plaintiff has requested a "cease and desist injunction" based on his allegations that defendants are harassing him through non-party

correctional officers. The plaintiff states that non-party Sergeant Klemmer has threatened him and his "jailhouse lawyer" and that non-party Sergeant Moungey has illegally seized their approved legal books and materials. (ECF No. 42.)

A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)); *see also Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)); *Alston v. City of Madison*, 2014 U.S. Dist. LEXIS 106317, 2 (W.D. Wis. Aug. 4, 2014) ("[T]he general rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint.").

In his complaint, the plaintiff seeks damages related to the defendants' deliberate indifference to his serious medical needs. His complaint does not

- 2 -

seek *any* equitable relief, let alone seek to enjoin the alleged retaliatory actions of these non-parties. Because the complaint does not seek such relief, there is no scenario whereby the Court, in entering judgment following a resolution of the merits of the plaintiff's complaint, would include in that judgment a provision barring persons who are not parties to this action from "threatening" the plaintiff or "illegally seizing" his property. Consequently, this Court may not grant the injunctive relief the plaintiff seeks.

In other words, the causal connection that the plaintiff alleges, *i.e.* that the "harassment" is in response to his having filed the present lawsuit, is an insufficient connection to permit the Court to consider granting the requested relief in this matter. *See Atakpu v. Lawson*, 2006 U.S. Dist. LEXIS 99983 (S.D. Ohio July 19, 2006) (recommending denial of plaintiff inmate's motion for a temporary injunction regarding alleged retaliatory harassment from prison personnel resulting from plaintiff having brought suit against prison personnel because alleged harassment was unrelated to the denial of medical care claims contained in the complaint), rec. adopted, 2006 U.S. Dist. LEXIS 85898 (S.D. Ohio Nov. 28, 2006); *Shaka v. Ryan*, 2014 U.S. Dist. LEXIS 140899, 3-4 (D. Ariz. Oct. 3, 2014) (denying inmate's request for temporary injunction because request for typewriter to prepare legal papers was

unrelated to underlying medical claim); *Curreri v. Babue,* 2011 U.S. Dist. LEXIS 44917, 7-8 (D. Ariz. Apr. 19, 2011) (denying plaintiff inmate's request for a temporary injunction barring jail personnel from searching outside of the inmate's presence the inmate's legal material related to his claim he was denied medical treatment). Therefore, the plaintiff's motion for a preliminary injunction must be denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for an extension of time (ECF No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** all discovery be completed no later than **January 15, 2016**, and that dispositive motion be filed no later than **February 22, 2016**.

**IT IS ALSO ORDERED THAT** the plaintiff's motion for an injunction (ECF No. 42) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of November, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**